Russell, Chief Justice.
W. A. Brim brought a petition against W. D. Couch and against Cojack Company, a corporation by whom Couch was employed, and prayed for a judgment for $91,544.I<T damages, and that certain papers executed by him as evidences of indebtedness and of sale be canceled. He also prayed that the defendants be enjoined from proceeding in any action on said evidences of indebtedness to recover against him, and be restrained from annoying or harassing him with litigation of any kind. The petition was dismissed on general demurrer, and the exception is to that judgment.
1. The petition alleges that the defendant Couch falsely and fraudulently misrepresented the advantages to accrue to the plaintiff by becoming a member of the “Horn Ond Stores System,” and thereby induced him to become a member of that organization, invest his money therein, and execute certain notes and bills of sale to secure debt. But the allegations on this point fail to show that there was any reason why the plaintiff should have been defrauded. It is alleged that the plaintiff had for several years been in the employment of Rogers Stores, a similar grocery-business, and had fine chances for continued promotion. In the exercise of ordinary prudence the plaintiff should have examined the conditions of the proposition coming from an entire stranger with whom he was dealing at arm’s length.
2. It plainly appears from the allegations of the petition that the execution of the power of attorney, the bills of sale, and the *311 transfer of certain bank stock were purely voluntary on tbe part of the plaintiff, and the exercise of the slightest prudence on his part would have prevented any of the injuries which are alleged to have resulted from his failure to exercise proper care for his own protection.
3. The court did not err in dismissing the petition on general demurrer. Judgment affirmed.

All the Justices concur.